## Joseph Sibley *versus* Uriah S. Smith and Trustees.

In an action against a principal defendant and a trustee, in which the *ad damnum* does not exceed $100, one who is allowed to become a party as a claimant of the property in the hands of the trustee, is not entitled to appeal from a judgment of the Common Pleas not founded on matter of law apparent on the record.

This action was entered in the Court of Common Pleas at the December term 1836. Uriah S. Smith, the principal defendant, was defaulted, and the trustees filed answers disclosing property in their hands. Ammi Smith was permitted to become a party to the action, upon his claiming that the property belonged to him and not to Uriah. At the preceding term the case was submitted to a jury, on additional allegations of facts not disclosed nor denied by the trustees, and a verdict was returned that the property in the hands of the trustees was the property of Uriah. The respondents were adjudged by the court to be trustees, and from this judgment Ammi Smith appealed.

At the May term 1837 of this Court, *Wilde* J. presiding, the plaintiff moved that the appeal be dismissed, the *ad damnum* in the writ being $75; and the motion was granted: to which decision Ammi Smith excepted.

*Nov. 9th.* *Miller*, for the appellant, referred to Revised Stat. *c.* 82, § 6; *Hovey* v. *Crane & Tr.* 10 Pick. 440.

*Lord*, junior, for the plaintiff, cited Revised Stat. *c.* 109, § 15, 16, 17, 18.

*Nov. 11th.* Shaw C. J. The *ad damnum* in this case was under $100, it was not therefore a case open to appeal as between the principal parties. Ammi Smith, the intervening party, who came in under the statute to contest the title to the property, charged by the attachment, in the hands of the trustees, claims an appeal. He relies mainly on the authority of *Hovey* v. *Crane*, 10 Pick., where the trustee was allowed to appeal, though the *ad damnum* was under $100. But the ground of that decision was, that as the law then stood, the question, whether the trustee must be charged or not, depended wholly upon the facts disclosed by the trustee; those facts could not be varied

py proof, and therefore the question whether trustee or not, was exclusively a question of law, as upon a special verdict or case stated. It depended upon the application of rules of law to those facts. But by the Revised Statutes, all this is changed ; the intervening party is allowed to bring proofs and try his title upon the fact and upon the law, and in this way can he have a trial of the fact by the jury. The Court are therefore of opinion, that the case does not come within the principle or the authority of *Hovey* v. *Crane*, and that it is not open to an appeal to this Court.